NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| J.C.S. and J.S.S., ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | Case No. 2D13-3232 |
| ) | |
| AGENCY FOR HEALTH CARE ) | |
| ADMINISTRATION, ) | |
| ) | |
| Appellee. ) | |
| ) | |

Opinion filed November 5, 2014.

Appeal from the Department of Children
and Families.

J.C.S. and J.S.S., pro se.

Justin Senior, General Counsel, and
Cynthia L. Hain, Assistant General
Counsel, Agency for Health Care
Administration, Tallahassee, for Appellee.


ALTENBERND, Judge.

J.C.S. and her husband, J.S.S., appeal a final administrative order that

addresses J.C.S.'s health maintenance organization's failure to provide plan benefits

within the contractual time requirements for eligible Medicaid recipients. The relevant

contract was entered into between the State of Florida, Agency for Health Care

Administration ("AHCA"), and J.C.S.'s HMO, Wellcare of Florida, Inc., d/b/a Staywell Health Plan of Florida ("Staywell"). We affirm.

In pertinent part, the hearing officer found that Staywell had ultimately secured certain appointments for J.C.S. but that it had not secured these appointments in a timely fashion. The hearing officer concluded, however, that he lacked authority to enter a penalty for Staywell's failure to provide timely appointments. AHCA argues that the hearing officer's order was not adverse to either J.C.S. or J.S.S. and, therefore, the appeal must be dismissed as to both appellants because neither has standing to appeal. AHCA cites case law that lends some support to its argument. See, e.g., Bodenstab v. Dep't of Prof'l Regulation, 648 So. 2d 742, 742 (Fla. 1st DCA 1994) ("Because the appellant has not been adversely affected by the Board's action, we dismiss the appeal for lack of standing.").

Although the order is facially favorable to J.C.S. and J.S.S., they argue that the hearing officer erred in failing to give them additional relief. In essence, their claim is that they were adversely affected by the omission of additional relief. We conclude that at least J.C.S. has standing to raise these issues in this court.

We have reviewed the record and the applicable law. We further conclude that the hearing officer granted J.C.S. and J.S.S. all of the relief that the hearing officer was empowered to provide. In this administrative proceeding, the relevant law simply did not create a claim or provide any right for J.C.S. or J.S.S. to receive the additional remedies or relief that they listed in the initial brief filed with this court. Furthermore, this court cannot grant them relief on claims they raise concerning other matters that

occurred subsequent to the entry of this administrative order because they were not the subject of this administrative proceeding and they are not properly before this court.

Affirmed.


KELLY and BLACK, JJ., Concur.